CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
03/06/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

DAVID OLENICK
400 N. Haddon Ave, Unit 208
Haddonfield, NJ 08033

and

CAPITAL CONCEPTS, INC. dba
BCREATIVE, INC.
536 Pantops Center
Charlottesville, Virginia 22911

    Plaintiffs,

v.                                 CIVIL ACTION NO. 3:19-cv-00014

THE TJX COMPANIES, INC.

    Serve:  CT Corporation System
              4701 Cox Rd, Ste 285
              Glen Allen, Virginia 23060

    Defendant.

## COMPLAINT

The plaintiffs, David Olenick ("Olenick") and Capital Concepts, Inc. dba bCreative, Inc. ("bCreative"), by and through their undersigned counsel, bring this action against the Defendant, The TJX Companies, Inc. (the "Defendant"), and request that this Court grant the injunctive relief, damages and other relief sought herein.

## NATURE OF ACTION

1.    This is an action for injunctive relief, damages, statutory damages, attorney's fees and other appropriate relief arising out of the Defendant's infringement of Olenick's copyrights in certain creative works.

1

## PARTIES

2. Olenick is a resident of the State of New Jersey.

3. bCreative is a corporation organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business in Charlottesville, Virginia.

4. The Defendant is a corporation incorporated under the laws of the State of Delaware and has a principal office in Framingham, Massachusetts. The Defendant has transacted and currently transacts business throughout the Commonwealth of Virginia, including by selling consumer merchandise and products through its retail TJ Maxx, Marshalls, and HomeGoods stores and via the Internet and mail. Upon information and belief, the Defendant owns and operates 37 TJ Maxx stores, 32 Marshalls stores and seven (7) HomeGoods stores in the Commonwealth of Virginia, including TJ Maxx, Marshalls, and HomeGoods stores in Charlottesville, Virginia.

## JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1338(a) (copyrights) and 28 U.S.C. § 1331 (Federal Question).

6. The Court has personal jurisdiction over the Defendant because the Defendant (a) transacts business in the Commonwealth of Virginia; (b) contracts to supply services or things in the Commonwealth of Virginia; (c) upon information and belief, has caused tortious injury by acts in the Commonwealth of Virginia; and (d) has caused tortious injury in the Commonwealth of Virginia by acts committed outside of Virginia and the Defendant regularly does or solicits business in the Commonwealth of Virginia and derives substantial revenues from goods used or consumed or services rendered in the Commonwealth of Virginia. The Defendant has made

substantial, intentional, and significant connections with the Commonwealth of Virginia, including through the stores it owns and operates in Charlottesville, Virginia.

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(3), (c) and (d) because the Defendant is subject to personal jurisdiction in this district arising out of its ownership and operation of multiple TJ Maxx, Marshalls and HomeGoods stores within this district, including owning and operating a TJ Maxx, Marshalls and HomeGoods store in Charlottesville, Virginia.

## FACTS

8. Olenick is a popular artist and designer who has authored and created numerous creative designs which have appeared on consumer products sold throughout the world.

9. As part of its business, bCreative licenses rights to creative designs, brands, and various works from artists, designers, brand owners and other authors, and bCreative grants sublicenses thereto to third-party manufacturers, publishers, suppliers and/or retailers to create, manufacture, sell, distribute and advertise consumer products bearing such designs, brands, and works, which consumer products include t-shirts, drinkware, calendars, greeting cards, and posters.

10. The Defendant owns and operates numerous retail stores under several brands throughout the United States and the world, including TJ Maxx, Marshalls and HomeGoods, at which it sells a wide variety of consumer products, including apparel, housewares, artwork and furniture. TJX also sells such products from its website http://tjmaxx.tjx.com., including to customers in Virginia.

11. In about 2014, Olenick created a unique and creative work named "Do's and Donuts" which consists of an artistically-designed donut surrounded by the text "Eat More Hole

Foods!" (the "Do's and Donuts Work"). A copy of the Do's and Donuts Work is attached hereto as <u>Exhibit 1</u>.

12. The United States Copyright Office (the "Copyright Office") registered the copyright in the Do's and Donuts Work on July 25, 2016. A copy of the Certificate of Registration issued by the Copyright Office for the Do's and Donuts Work is attached hereto as <u>Exhibit 2</u>.

13. In about 2015, Olenick created a unique and creative work named "Taco Eclipse of the Heart" which consists of an artistically-designed taco above the text "Every Now and Then I Fall Apart" (the "Taco Work"). A copy of the Taco Work is attached hereto as <u>Exhibit 3</u>.

14. The Copyright Office registered the copyright in the Taco Work on June 20, 2016. A copy of the Certificate of Registration issued by the Copyright Office for the Taco Work is attached hereto as <u>Exhibit 4</u>.

15. Pursuant to an agreement between Olenick and bCreative entered into on February 24, 2017, Olenick granted bCreative certain rights to use, manufacture, have manufactured, sell, distribute, advertise, and license consumer products which contain or depict the Do's and Donuts Work and the Taco Work, including an exclusive license for drinkware.

16. The Defendant has sold at least one (1) product at its retail stores which contains a design which is substantially similar to the Do's and Donuts Work, namely, a coffee mug, a picture of which is attached hereto as <u>Exhibit 5</u> (the "Infringing Mug").

17. The Defendant has also sold at least one (1) product at its retail stores which contains a design which is substantially similar to the Taco Work, namely, a plastic tumbler, a picture of which is attached hereto as <u>Exhibit 6</u> (the "Infringing Tumbler").

## COUNT I
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

18. The plaintiffs repeat the allegations and matters set forth in paragraphs 1-17 above as if fully set forth herein.

19. The text and images displayed and contained in the Do's and Donuts Work and the manner in which such text, images and photography are displayed and arranged, constitutes an original work of authorship that is protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and the Copyright Office has issued a certificate of registration of the copyright in the Do's and Donuts Work.

20. The text and images displayed and contained in the Taco Work and the manner in which such text, images and photography are displayed and arranged, constitutes an original work of authorship that is protected under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* and the Copyright Office has issued a certificate of registration of the copyright in the Taco Work.

21. Olenick is the sole owner of each of the exclusive rights set forth in 17 U.S.C. § 106 with respect to the Do's and Donuts Work and the Taco Work. bCreative has certain exclusive rights in and to the Do's and Donuts Work and the Taco Work, including the right to use, manufacture, have manufactured, sell, distribute, advertise, and license mugs and tumblers depicting or containing each such work.

22. The Defendant's actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Mug, and, potentially, other products containing or incorporating the Do's and Donuts Work, or substantially similar versions thereof, has violated, and continues to violate, Olenick's copyright in the Do's and Donuts Work under 17 U.S.C. §

106, including without limitation, Olenick's exclusive rights to reproduce the Do's and Donuts Work, to distribute copies of the Do's and Donuts Work to the public by sale or license, and to display the Do's and Donuts Work publicly.

23. The Defendant's actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Mug, and, potentially, other products containing or incorporating the Do's and Donuts Work, or substantially similar versions thereof, has violated, and continues to violate, bCreative's contractual rights granted by Olenick to reproduce the Do's and Donuts Work on certain consumer products, including drinkware, to distribute such consumer products to the public by sale or license, and to display and advertise such consumer products publicly.

24. The Defendant's actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Tumbler, and, potentially, other products containing or incorporating the Taco Work, or substantially similar versions thereof, has violated, and continues to violate, Olenick's copyright in the Taco Work under 17 U.S.C. § 106, including without limitation, Olenick's exclusive rights to reproduce the Taco Work, to distribute copies of the Taco Work to the public by sale or license, and to display the Taco Work publicly.

25. The Defendant's actions in reproducing, creating, advertising, publicly displaying, distributing and selling the Infringing Tumbler and, potentially, other products containing or incorporating the Taco Work, or substantially similar versions thereof, has violated, and continues to violate, bCreative's contractual rights granted by Olenick to reproduce the Taco Work on certain consumer products, including drinkware, to distribute such consumer products to the public by sale or license, and to display and advertise such consumer products publicly.

26. Upon information and belief, the actions of the Defendant, as described above, were committed willfully in that the Defendant had knowledge, or should reasonably have known, that the copyrights in the Do's and Donuts Work and the Taco Work were owned by Olenick.

27. As a direct and proximate result of the Defendant's wrongful actions, Olenick and bCreative has each suffered, and will continue to suffer, lost profits and damage to his/its business reputation and goodwill.

28. The Defendant will continue, unless restrained, to reproduce, create, advertise, publicly display, distribute and/or sell the Infringing Mug and the Infringing Tumbler and/or, upon information and belief, other products containing or incorporating the Do's and Donuts Work, the Taco Work and/or other copyrighted works owned by Olenick, or substantially similar versions of any of the foregoing, for which neither bCreative nor Olenick has as adequate remedy at law. The plaintiffs are entitled to an injunction restraining the Defendant from engaging in such further acts of copyright infringement.

29. Pursuant to 17 U.S.C. § 504(a) and (b), Olenick and/or bCreative are entitled to recover from the Defendant (a) all damages sustained by Olenick and bCreative from the Defendant's sales of the Infringing Mug, the Infringing Tumbler and all other products containing or incorporating the Do's and Donuts Work, the Taco Work and/or other copyrighted works owned by Olenick or substantially similar versions of any of the foregoing; and (b) all of the profits of the Defendant earned by the Defendant from its sales of the Infringing Mug, the Infringing Tumbler and all other products containing or incorporating the Do's and Donuts Work, the Taco Work and/or other copyrighted works owned by Olenick or substantially similar versions of any of the foregoing.

30. Olenick and/or bCreative each reserves the right to elect an award of statutory damages pursuant to 17 U.S.C. § 504(c) with respect to the Defendant's infringement of the Do's and Donuts Work, the Taco Work and all other copyrighted works owned by Olenick.

31. As the copyright in each of the Do's and Donuts Work and the Taco Work was each registered by the Copyright Office prior to the Defendant's infringement of Olenick's copyrighted therein, Olenick and/or bCreative are entitled to an award of attorney's fees and the full costs of this action, pursuant to 17 U.S.C. § 505.

WHEREFORE, the plaintiffs respectfully request that this Court enter judgment against the Defendant and award the plaintiffs the following relief:

1. a permanent injunction enjoining the Defendant from creating, producing, publicly displaying, distributing or selling (a) the Infringing Mug; (b) the Infringing Tumbler; and (c) any other product which contains, displays or incorporates the Do's and Donuts Work, the Taco Work and/or any other copyrighted work owned by Olenick, or any substantially similar versions of any of the foregoing;

2. a full accounting of all mugs, tumblers, drinkware and all other products which have been created or sold by the Defendant and which contain, display or incorporate the Do's and Donuts Work, the Taco Work and/or any other copyrighted work owned by Olenick, or any substantially similar versions of any of the foregoing;

3. pursuant to 17 U.S.C. § 504(a) and (b), an award of damages equal to the amount of the plaintiffs' damages and the Defendant's profits from sales of (a) the Infringing Mug; (b) the Infringing Tumbler; and (c) any other product which contains, displays or incorporates the Do's and Donuts Work, the Taco Work and/or any other copyrighted work owned by Olenick, or any substantially similar versions of any of the foregoing;

  4. an award of attorney's fees and costs of this action pursuant to 17 U.S.C. § 50; and.

  5. such other and further legal and equitable relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

The plaintiffs hereby demand a trial by jury of all claims so triable.

            DAVID OLENICK
            and
            CAPITAL CONCEPTS, INC.
            dba bCreative, Inc.

            By Counsel

/s/ Andrew S. Baugher
ANDREW S. BAUGHER (VSB #74663)
PATRICK C. ASPLIN (VSB #46620)
Of Lenhart Pettit
530 East Main Street
P.O. Box 2057
Charlottesville, Virginia 22902
(434) 979-1400
(434) 977-5109 (Fax)
asb@lplaw.com
pca@lplaw.com